IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SANTOS RODRIGUEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:15-cv-36-DGW |
| LT. TIMOTHY R. VEATH, JASON N. HART, REBECCA A. COWAN, BRANDON ANTHONY, and KIMBERLY BUTLER, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Dismiss and/or Strike filed by Defendants on July 5, 2018 (Doc. 143). For the reasons set forth below, the Motion is **GRANTED.**

### BACKGROUND

Pursuant to an Order on summary judgment issued on March 31, 2017, Plaintiff was permitted to proceed on two claims:

> **Count 5**: Conspiracy claim against Anthony, Hart, Veath, and Cowan related to the weapons ticket; and,
>
> **Count 6**: Retaliation claim against Anthony, Hart, Veath, and Cowan related to the filing of a grievance as to the STG ticket and subsequent term in segregation.

In addition, Defendant Butler was retained in this suit in order to perfect any injunctive relief that may be ordered. Plaintiff's claims stem from an incident that occurred at the Menard Correctional Center in February, 2013 where a correctional officer was assaulted by gang members. Plaintiff was questioned subsequent to the attack and then given a disciplinary ticket for possessing photographs that were considered Security Threat Group ("STG", i.e. gang) material. Plaintiff was found guilty on the ticket and sent to segregation; but, he filed a grievance

and the ticket was subsequently expunged and he was released from segregation. Within two months, however, Plaintiff alleges that he was given a false disciplinary ticket for having a weapon in his cell ("weapons ticket"). Plaintiff believes that the weapons ticket was issued in retaliation for filing the grievance on the STG ticket and that Defendants conspired to so retaliate against him. Plaintiff again filed a grievance which again resulted in the ticket being expunged. By this time, however, Plaintiff spent almost a year in segregation, first at Menard Correctional Center and then at Pontiac Correctional Center (and was released sometime in May, 2014). A couple of months later, he was transferred back to Menard CC.

Shortly after summary judgment was decided, the parties represented to the Court that the matter was ready for trial and trial was set for August 22, 2017. The parties then consented to the jurisdiction of the undersigned and trial was rest to October 16, 2017. After the matter had been continued, a Final Pretrial Order was entered on February 2, 2018.

On that same day, however, Plaintiff sought leave to file an amended complaint and vacate the trial settings. Plaintiff represented that after additional discovery and investigation, he discovered an additional count and claim for damages due to the continuing nature of the claims against Defendants (Doc. 135).[1] This motion was mooted and Plaintiff was granted leave to file a second motion to amend, which he did on April 9, 2018 (Doc. 138). In his new proposed second amended complaint, Plaintiff reiterated his claim that he was being retaliated against for filing his grievances by being placed in segregation and that Defendants conspired to do so (Counts 2 and 3). Plaintiff adds a due process claim: that the disciplinary actions violated due process and that he

---

[1] The proposed pleading asserts that on August 21, 2015, Plaintiff received another disciplinary ticket for STG activity and received one year of segregation, again in retaliation for his grievance writing. Then, on February 23, 2017, he received another disciplinary ticket for which he was sentenced to more segregation, this time to be served at the Pontiac Correctional Center. Plaintiff claims that the weapons ticket and these two later tickets were all a result of a conspiracy to retaliate against him for the grievances he has written. Plaintiff also claimed that these actions were taken because of his ethnicity.

was then subjected to atypical and significant hardships. Such a claim can only be made as to the newly highlighted disciplinary hearings contained in the proposed pleading which occurred on or around August 21, 2015 and February 23, 2017.[2] The new pleading states that all counts are "continuing in nature."

Defendants were granted until April 23, 2018 to file a response to the motion to amend, but no response was filed. As such, the motion was granted and Plaintiff filed a Second Amended Complaint on June 21, 2018 (Doc. 142).

Unfortunately, the Second Amended Complaint that Plaintiff filed was different from the proposed second amended complaint attached to his motion (Compare Doc. 142 and Doc. 138-1). The most notable difference is the inclusion of the following paragraphs in the "Parties" section:

> 10. Additionally, there are presently several unidentified officers or employees of the IDOC who have yet to be named, some of which identified themselves as from the "Springfield Illinois Intel Office".
>
> 11. Due to the continuing nature of the actions that result in Counts I-III, additional correctional officers, yet to be identified without some further discovery, have participated in the deprivation of plaintiff's constitutional rights and participated in the conspiracy to retaliate against Plaintiff by repeatedly and illegally placing him in punitive segregation in retaliation for the filing of his successful grievances.

No unknown parties or John/Jane Doe Defendants are included in the caption of the Second Amended Complaint. Defendants now argue that the Second Amended Complaint should be stricken because of the discrepancies – that Plaintiff filed a pleading that was different from the proposed pleading. They further argue that these paragraphs inject new defendants and claims for which Plaintiff has not received permission. Moreover, they argue that paragraphs 67 through 105 should be stricken because they are not related to the named Defendants. Finally, Defendants

---

[2] Judgment already has been granted as to Defendants on Plaintiff's due process claim related to the 2013 weapons ticket (Doc. 100). And, the Court further found that Plaintiff only was alleging a due process claims as to the weapons ticket and not the STG ticket.

argue that Plaintiff has failed to state a due process claim or any other additional claim against the named Defendants.

## DISCUSSION

Federal Rule of Civil procedure 12(f) permits the Court to strike from a pleading any impertinent material. Plaintiff is correct in arguing that he was given permission to file a Second Amended Complaint. However, he was not given permission to file the *actual* pleading that was filed that included the additional paragraphs 10 and 11. These additions are not minor nor does the error appear to be inadvertent. By including these paragraphs in the "parties" section, Plaintiff necessarily is attempting to bring in new parties as Defendants. To do so, Plaintiff required permission, which this Court has not granted. As such paragraphs 10 and 11 of the Second Amended Complaint are **STRICKEN**.

After a careful review of Plaintiff's Second Amended Complaint, it is also apparent that Count 1 should be dismissed for failure to state a claim. On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and

second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

In Count 1, Plaintiff alleges that he was denied due process by the named Defendants, Anthony, Hart, Veath, and Cowan. In his brief, he argues that the length of his time in segregation, 1200 days with only a few intermittent weeks not in segregation, is *per se* a significant and atypical hardship that should permit the Court to determine whether procedural safeguards were employed. The problem with this argument is that the District Court already has determined that Plaintiff has not (and now cannot) raise a due process claim with respect to the 2013 STG ticket. And, judgment already has been granted as to a due process claim with respect to the weapons ticket. To the extent that Plaintiff is a alleging a due process claim as to the 2015 and 2017 tickets, there is *no* allegation in the Second Amended Complaint that the named Defendants were involved in any way in issuing or adjudicating those tickets.[3] In paragraphs 69 through 107, in which Plaintiff outlines the events related to the 2015 and 2017 tickets, there is no mention of

---

[3] Plaintiff alleges that he was subjected to "harassing" interviews by Defendant Anthony but does not tie these interviews to the disciplinary ticket or hearing. Nor does Plaintiff tie any of the named Defendants with any of the persons involved in the 2015 or 2017 tickets.

any Defendants (except for Anthony as set forth in footnote 3). Thus Plaintiff has not tied any of the named Defendants with the issuing and adjudication of the 2015 and 2017 tickets. Therefore, his due process claim made in Count 1 is futile and is **dismissed without prejudice**. Paragraphs 69-107 are accordingly **STRICKEN**.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss and/or Strike filed by Defendants on July 5, 2018 (Doc. 143) is **GRANTED.** Count 1 is hereby **DISMISSED WITHOUT PREJUDICE** and paragraphs 10-11 and 69-107 of the Second Amended Complaint (Doc. 142), which are unrelated to the claims in this lawsuit, are hereby **STRICKEN**. This matter shall proceed to trial on Counts 2 and 3 against the named parties. The parties shall be prepared to discuss the trial schedule at the conference on October 25, 2018.

**DATED: October 16, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**